UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


GJON ELEZOVIC,

    Plaintiff,

v.

TOYOTA MOTOR NORTH
AMERICA, INC.,

    Defendant.
_____/

Case No. 16-13500

Hon. John Corbett O'Meara

## OPINION AND ORDER

Before the court are Defendant's motion for summary judgment and Plaintiff's motion for leave to amend the complaint. Pursuant to L.R. 7.1, the court did not hear oral argument.

## BACKGROUND FACTS

Plaintiff Gjon Elezovic brought this action against Toyota Motor North America, Inc., alleging that Toyota designed and manufactured a vehicle that was defective. Plaintiff contends that he was injured in September 2013 after his 2005 Toyota Scion unintentionally accelerated, causing an accident. On July 26, 2016, Plaintiff submitted his claim to the Intensive Settlement Process established by the court presiding over multi-district litigation: <u>In re: Toyota Motor Corp.</u>

Unintended Acceleration Marketing, Sales Practices, and Products Liability Litigation, No. 2010-ML-2151 (C.D. Cal.).[1] Because the settlement administrator was unable to schedule this matter for a settlement conference prior to the expiration of the statute of limitations (September 4, 2016), Plaintiff filed this action to preserve his claims.

Counsel for the parties participated in a telephone conference on November 1, 2016. Plaintiff's counsel requested a stay of proceedings pending the outcome of the settlement process. According to Plaintiff, attorney David Ayers represented that he was Toyota's attorney for purposes of the unintended acceleration claims. Mr. Ayers informed Plaintiff that Defendant would not stipulate to a stay and that Defendant intended to file a motion to dismiss because Plaintiff had named the incorrect Toyota entity. Plaintiff requested that Defendant stipulate to the amendment of the complaint, which Defendant denied.

Defendant filed a motion for summary judgment on November 11, 2016, arguing that it was not a proper party to this case because it did not design, manufacture or sell Plaintiff's vehicle. Plaintiff responded and filed a motion to

---

[1] The multi-district litigation involves vehicles equipped with an electronic throttle control system. Because Plaintiff's vehicle was equipped with a mechanical throttle, his case cannot be coordinated through the multi-district litigation and his participation in the settlement process is voluntary.

amend his complaint. Plaintiff seeks to add Toyota Motor Sales, U.S.A., Inc., and Toyota Engineering & Manufacturing North America, Inc., and to clarify his claims against Toyota Motor North America, Inc. Each of these Toyota entities are alleged to be wholly owned subsidiaries of Toyota Motor Corporation. See Proposed Amended Compl. at ¶¶ 2-4. Plaintiff alleges that Toyota Motor North America, Inc. is a holding company for Toyota Motor Sales, U.S.A., Inc. and Toyota Motor Engineering and Manufacturing North America, Inc. According to the amended complaint, Plaintiff's 2005 Scion was designed, manufactured, and sold by Toyota Motor Sales, U.S.A., Inc., and Toyota Motor Engineering and Manufacturing North America, Inc. Plaintiff alleges that Toyota Motor North America, Inc., represented all Toyota entities in dealing with the National Highway Traffic Safety Administration and was responsible for advertising and marketing Toyota vehicles in the United States. See Amended Compl. at 3. Plaintiff's amended complaint alleges three counts: negligence, breach of warranty, and fraud.

## LAW AND ANALYSIS

Defendant argues that the court should not permit Plaintiff to amend his complaint because the statute of limitations has expired and the amendments do not "relate back" to the filing of the original complaint.

Pursuant to Federal Rule of Civil Procedure 15(a)(2), the court "should freely give leave" to amend "when justice so requires." An amendment to a complaint relates back to the date of the original filing when

>   (A) the law that provides the applicable statute of limitations allows relation back;
>   (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading; or
>   (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied, and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>   >   (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>   >   (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1). The purpose of relation back is "to balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits." Krupski v. Costa Crociere, S. p. A., 560 U.S. 538, 550 (2010).

The elements of Rule 15(c)(1)(C) have been met here. Plaintiff's proposed amendment asserts a claim that arose out of the conduct set out in the original

pleading – the accident caused by the allegedly defective Toyota Scion. The parties to be added – all subsidiaries of Toyota Motor Corporation with the same registered agent as the original Defendant – received at least constructive notice of this action within the period set forth in Rule 4(m) for serving the complaint. Morever, Plaintiff's participation in the multi-district litigation settlement process indicates that Toyota is aware of Plaintiff's claim. Under the circumstances, Defendant has failed to articulate how it or the defendants to be added could be prejudiced by defending this action on the merits. In addition, the Toyota entities to be added should have known that this action would have been brought against them, but for Plaintiff's mistake in determining the identity of the designer and/or manufacturer of his vehicle. The similarity of the names of these Toyota entities, as well as their relationship to each other and Toyota Motor Corporation, "heighten the expectation" that Toyota "should suspect a mistake has been made." See Krupski, 560 U.S. at 556.

    This case is unlike those cited by Defendant, in which the plaintiffs attempted to add new, entirely *unrelated* defendants after the expiration of the statute of limitations. Cf. Rhodman v. Church's Fried Chicken, 2006 WL 2990502 (E.D. Mich. Oct. 19, 2006) (plaintiff named franchisor instead of franchisee); Cox v. Treadway, 75 F.3d 230 (6th Cir. 1996) (addition of four individual police officer

defendants did not relate back). In situations such as this, where a plaintiff has named the wrong sister company as a result of a mistake regarding the proper party's identity, courts – including the Supreme Court – have found Rule 15(c) to be satisfied. See Krupski, 560 U.S. at 555-56 (plaintiff mistakenly named Costa Cruise instead of Costa Crociere); Morel v. DiamlerChrysler AG, 565 F.3d 20, 22 (1st Cir. 2009) (Diamler-Chrysler Corporation instead of DiamlerChrysler AG); Joseph v. Elan Motorsports Tech. Racing Group, 638 F.3d 555 (7th Cir. 2011) (Elan Motorsports Technologies Racing Group instead of Elan Motorsports Technologies Inc.); State Farm Mut. Auto. Ins. Co. v. BMW of North America, LLC, 2009 WL 2447574 (E.D. Mich. Aug. 7, 2009) (BMW of North America, LLC, instead of BMW Manufacturing Co., LLC); Travelers Indemnity Co. of America v. Samsung Electronics America, Inc., 2014 WL 1030889 (E.D. Mich. Mar. 14, 2014) (Samsung Electronics America, Inc. instead of SuZhou Samsung Electronics Co. Ltd.).

Under the circumstances presented here, the court finds that granting Plaintiff leave to amend is appropriate and that the amendments relate back to the filing of the original complaint. Denial of Plaintiff's motion "would be a windfall for a prospective defendant who understood, or who should have understood, that he escaped suit during the limitations period only because the plaintiff

misunderstood a crucial fact about his identity." Krupski, 560 U.S. at 550.  Indeed, "[l]itigation should not be reduced to a game of cat and mouse." Morel, 565 F.3d at 27.

Plaintiff's amended complaint changes the allegations against Toyota Motor North America, Inc., rendering Defendant's motion for summary judgment moot, or at least unhelpful.  The court will deny Defendant's motion without prejudice.

## ORDER

IT IS HEREBY ORDERED that Plaintiff's motion for leave to amend the complaint is GRANTED.  Plaintiff shall file an amended complaint by **March 17, 2017.**

IT IS FURTHER ORDERED that Defendant's motion for summary judgment is DENIED WITHOUT PREJUDICE.

                                        s/John Corbett O'Meara
                                        United States District Judge

Date:  March 7, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, March 7, 2017, using the ECF system.

                                        s/William Barkholz
                                        Case Manager